## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**WESTERN DIVISION**                          No. _____

## DARIO BRACCIA
### Petitioner

v.

## TRADE LINKS, LLC, BI-QEM SA DE CV, and BI-QEM, INC.
### Respondents

---

## MEMORANDUM OF LAW IN SUPPORT OF PETITIONER'S MOTION TO QUASH SUBPOENA

---

### PRELIMINARY STATEMENT

This Memorandum of Law is submitted by Dario Braccia in support of his motion to quash a December 2, 2019 subpoena served upon him, which subpoena seeks his deposition in Massachusetts in connection with an action pending in the United States Federal Court for the District of Connecticut, which action is styled Trade Links, LLC v. Bi-Qem SA DE CV and Bi-Qem, Inc., Civil Action No. 3:19-cv-308 (the "Connecticut Action"). This Motion is brought pursuant to Fed. R. Civ. P. 45(d)(3)(A)(ii) and relies on the Declaration of the Petitioner, Dario Braccia, attached as Exhibit A to the Petitioner's Motion to Quash Subpoena (hereafter, "Declaration").

### STATEMENT OF RELEVANT FACTS

Dario Braccia ("Mr. Braccia") is a citizen and resident of Italy and is employed by a Swiss company (Bi-Qem SA). Declaration, ¶1. Mr. Braccia is not an officer or director of his employer. Mr. Braccia is also not an officer, director, or employee of

1

either of the Defendants[1] in the Connecticut Action.  Declaration, ¶2.

On December 4, 2019, while he was in Massachusetts, Mr. Braccia was served with a subpoena commanding his deposition on February 4, 2020 "or thereafter when again in U.S. for work."  Mr. Braccia has no current plans to come to the United States and it would constitute an undue burden and expense for him to have to travel from Italy to Massachusetts for the sole purpose of being deposed.  Declaration, ¶¶3, 4.  Indeed, the witness fee served with the subpoena was merely $60.15.  Declaration, ¶4

Mr. Braccia came to the United States five times during the calendar year 2019 and does not regularly transact business in the United States.  Of his five trips to the United States in 2019, only two of those included visits to Massachusetts.  In all, Mr. Braccia spent time in Massachusetts on only six days in 2019.  Declaration, ¶¶5 and 6.

## THE SUBPOENA SHOULD BE QUASHED

As Mr. Braccia is not an officer or either defendant, pursuant to Federal Rule of Civil Procedure 45(c)(1)(A) he may only be properly subpoenaed "within 100 miles of where [he] resides, is employed or regularly transacts business in person."  As Mr. Braccia resides and is employed in Europe, the subpoena is only valid if he "regularly transacts business in person" in Massachusetts.

Mr. Braccia came to Massachusetts on only two occasions last year and has no current plans to come this year.  Two annual trips with short duration do not meet the "regularly transacts business in person" test established by Rule 45(c).

Cases consistently hold that infrequent and sporadic trips within a jurisdiction do not meet the "regularly transacts business in person" standard. For example, in Perez v.

---

[1] The Defendant Bi-Qem SA DE CV is a Mexican corporation with its principal place of business in Mexico and Bi-Qem, Inc. is a Delaware corporation with its principal place of business in Massachusetts). Declaration, ¶2.

171358

Progenics Pharmaceuticals, Inc., 2015 WL 4111551 (S.D.N.Y.) at *2, the Court held that a witness who was a member of defendant's board of directors[2] and attended meetings "at least quarterly" in the jurisdiction could not be compelled to testify:

> Plaintiff notes that Ms. Williams is required to attend, either in person or telephonically, Audit Committee and Board meetings at least quarterly, which suggests that she is periodically physically present at Defendant's headquarters in Tarrytown, New York, within the 100 mile limit of Rule 45(c)(1)(A). Yet such infrequent trips do not appear to fit within the meaning of Rule 45(c)(1)(A)'s requirement that a witness only be forced to appear at trial in person within 100 miles of where she "regularly transacts business in person." *Id.* Although the Court is not aware of a specific number of days per year that Ms. Williams spends in New York to conduct business, it appears a stretch to say that she opened herself up to testifying in New York by virtue of her occasional meetings in Tarrytown.

See also: Mustafa Dogan Dairy Consulting LLC v. La Colombe Torrefaction, Inc., 2018 WL 9801022 (W.D. Mich.), at *2 ("courts have consistently held that infrequent and sporadic business trips to an area are insufficient for purposes of the subpoena rule"); Dietz v. Spangenberg, 2014 WL 537753 (D. Minn.) (emphasis added), at *5 (quashing a subpoena served upon a witness who traveled to the jurisdiction "three times to transact business during the past year", even though the witness was former CEO and current Chair of a party corporation that maintained a business address in the jurisdiction); Bostian v. Suhor Industries, Inc., 2007 WL 3005177 (N.D. Ok.), at *1 (quashing a subpoena while holding that the witness's "twice yearly business visits to Oklahoma are not frequent enough to be considered regularly transacting business"); and M'Baye v. New Jersey Sports Production, Inc., 246 F.R.D. 205, 208 (S.D.N.Y. 2007) (J. Chin)

---

[2] Here, Mr. Braccia is not a director or officer (or even employee) of either defendant.

3

171358

("traveling to an area within a 100-mile radius for fourteen to eighteen days in two years is insufficient to render a person amenable to a subpoena").

Rule 45(d)(3)(A) provides that a subpoena must be quashed or modified where it either "(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c)" or "(iv) subjects a person to undue burden." In the case at bar the subpoena should be quashed since: (a) it requires Mr. Braccia to travel more than 100 miles of where he resides and is employed or regularly transacts business in person, and therefore violates Rule 45(c); and (b) it subjects Mr. Braccia to an undue burden and expense of traveling from Europe to Massachusetts.

## **CONCLUSION**

For the reasons specified above, it is respectfully requested that the Petitioner Dario Braccia's Motion to Quash Subpoena served upon him be in all respects granted.

                Respectfully submitted,

                PETITIONER, DARIO BRACCIA
                By his Attorneys,
                LAZAN GLOVER & PUCILOSKI LLP

By:   /s/ Alexandra H. Glover
       Alexandra H. Glover, BBO #561429
       785 Main Street
       Great Barrington, MA  01230
       Tel:  (413) 644-0200
       glover@lazanlaw.com

Dated:  January 31, 2020

Certificate of Service

    I hereby certify that this document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the NEF, and paper copies will be sent to those indicated as non-registered participants, on January 31, 2020.

    /s/ Alexandra H. Glover

171358